IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF/RESPONDENT

v.                    Criminal No. 5:17-cr-50074-001

ARMANDO RODRIGUEZ                                                       DEFENDANT/MOVANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the *pro* se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed by Defendant/Movant Armando Rodriguez ("Defendant"). (Doc. 45). The United States ("Government") has filed a Response. (Doc. 47). The matter is before the undersigned for issuance of this report and recommendation.

An evidentiary hearing is not warranted in this matter, as the § 2255 motion, the files, and the records in this case conclusively show that Defendant is not entitled to relief. See 28 U.S.C. § 2255(b); Watson v. United States, 493 F.3d 960, 963 (8th Cir. 2007)("No hearing is required when the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which they are based").

## I.     BACKGROUND

On December 5, 2017, Defendant was charged in a five count indictment with four counts of knowingly and intentionally distributing a controlled substance, namely, a mixture that contained methamphetamine, in violation of Title 21 U.S.C. § 841(a)(1), and one count of knowingly using, carrying and possessing one or more firearms in furtherance of said drug trafficking crime, in violation of Title 18 U.S.C. § 924(c)(1)(A). (Doc. 1).

1

On May 7, 2018, Defendant pled guilty to counts four and five of the indictment charging him with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), as well as, possession of a firearm in furtherance of a drug trafficking offense, in violation of Title 18 U.S.C. § 924(c)(1)(A). (Doc. 22).

On September 11, 2018, a judgment was entered sentencing Defendant to 57 months imprisonment on count four, and 60 months imprisonment on count five, with the terms to run consecutively. (Doc. 32). Defendant was also sentenced to three years of supervised release on count four, and three years supervised release on count five, with those terms to run concurrently, with the anticipation of deportation; a $200 special assessment; and a $2,300.00 fine.

On October 15, 2018, Defendant filed a *pro se* notice of appeal which the Court construed to include a motion for extension of time to file an appeal. (Docs. 34, 35). By Order dated October 24, 2018, the Court denied Defendant's motion, finding no excusable neglect or good cause to justify an extension of the appeal period. (Doc. 37).

On October 31, 2018, the Eighth Circuit appointed Defendant's counsel, Zoe Elizabeth Naylor, to represent Defendant in his appeal, and ordered counsel to show cause within fourteen days why the appeal should not be dismissed as untimely. (Doc. 40). After considering Defendant's response, the Eighth Circuit dismissed Defendant's appeal as untimely on November 30, 2018. (Doc. 41).

On May 20, 2019, Defendant filed the § 2255 motion currently before the Court, raising various arguments.

## II. GROUNDS FOR MOTION

In one sentence, Defendant asserts ineffective assistance of counsel arguing: 1) failed to explain the risks and benefits of the plea offer; 2) failed to protect defendant's appellate rights; 3)

failed to explain the length of sentence, the availability of a halfway house or the availability of a drug program; and 4) failed to object to the fine imposed. Defendant also asserts no consideration was given for a downward departure under U.S.S.G. § 5K3.1, "Fast Track" departure.

### A. Ground One: Ineffective Assistance of Counsel

In <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the Supreme Court set forth the standard to be applied to ineffective assistance of counsel claims. To prevail on his ineffective assistance of counsel claims, Defendant must prove, by a preponderance of the evidence, two related but independent issues. First, Defendant must show that counsel's performance was so deficient so as to not constitute "counsel" as guaranteed the defendant by the Sixth Amendment. <u>Id.</u> at 687. Second, Defendant must establish that counsel's deficient performance materially and adversely prejudiced the outcome of the case. <u>Furnish v. United States of America</u>, 252 F.3d 950, 951 (8th Cir. 2001).

With respect to the first prong, "[w]hen a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." <u>Strickland</u>, 466 U.S. at 687-88. The Supreme Court instructed:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

Id. at 689. A reviewing court "should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690.

With respect to the second prong, to prove an error was prejudicial, Defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different." Strickland, 466 U.S. at 694. "[N]ot every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." Id. at 693.

The Eighth Circuit has set forth the two-prong Strickland test as follows: "[w]hether counsel's performance was in fact deficient and, if so, whether the defendant was prejudiced by the inadequate representation. If we can answer 'no' to either question, then we need not address the other part of the test." Fields v. United States, 201 F.3d 1025, 1027 (8th Cir. 2000).

**1.      Failure to Explain the Risks and Benefits of the Plea Offer And Length of Sentence**

Defendant asserts defense counsel failed to explain the risks and benefits of the plea offer and the possible length of his sentence. (Doc. 45, p. 4).

In the context of a guilty plea, the prejudice requirement focuses on whether the ineffectiveness of counsel affected the outcome of the plea process. Hill v. Lockhart, 474 U.S. 52, 58 (1985). A decision to enter into a plea agreement cannot be knowing and voluntary when the plea agreement itself is the result of advice outside "the range of competence demanded of attorneys in criminal cases." Id. at 56.

A review of the plea agreement revealed Defendant specifically admitted to committing each of the elements of the crimes to which he pled guilty, and did not dispute the facts set forth in the agreement. (Doc. 22, p. 1). The plea agreement specifically sets forth the maximum

4

penalties for both count four and count five. Id. at 4-5. Defendant acknowledged in the agreement that there had been discussions about the possible guideline sentencing range but agreed:

> that any discussions merely attempt to guess at what appears to be the correct guideline range and do not bind the District Court. Further, the defendant acknowledges that the actual range may be greater than contemplated by the parties. In the event the guideline range is greater than the parties expected, the defendant agrees that this does not give him the right to withdraw his plea of guilty.

Id. at 7.

Defendant acknowledged that the agreement was not binding on the district court and did not require the court to "hand down any specific sentence." Id. at 9. In the plea agreement, Defendant made the following representations:

> a. The defendant has read this agreement (or has had this agreement read to him/her) and has carefully reviewed every part of it with defense counsel.
> b. The defendant fully understands this plea agreement and is not under the influence of anything that could impede defendant's ability to fully understand this plea agreement.
> c. No promises, agreements, understandings, or condition have been made or entered into in connection with the decision to plead guilty except those set forth in this plea agreement.
> d. The defendant is satisfied with the legal services provided by defense counsel in connection with this plea agreement and matters related to it.
> e. The defendant has entered into this plea agreement freely, voluntarily, and without reservation and the defendant's desire to enter a plea of guilty is not the result of threats or coercion directed at the defendant or anyone connected with the defendant.

Id. at 10.

On May 7, 2018, Defendant appeared in person and stated that he desired to withdraw his plea of not guilty and entered a plea of guilty to count four and count five of the indictment. (Doc. 21).

"For a plea to be voluntary . . . a defendant need not understand precisely how the sentencing guidelines will apply to his case. A plea is knowing and voluntary if the district court informs the defendant of the minimum and maximum statutory penalties and the court's authority

5

to sentence within that range." United States v. Guardado, 863 F.3d 991, 993 (8th Cir. 2017). Here, the plea agreement set forth the minimum and maximum statutory penalties, and informed Defendant of the Court's authority to sentence within the statutory terms. At the change of plea hearing held on May 7, 2018, Defendant stated he was satisfied with counsel and that the possible severity of his sentence was explained. (Doc. 21). The record supports that Defendant's plea was knowing and voluntary.

Furthermore, Defendant failed to demonstrate that defense counsel's performance affected the outcome of the case and does not argue that he would have insisted on going to trial but for defense counsel's deficient performance. Accordingly, Defendant has failed to demonstrate that he would be entitled to relief under the Strickland standard.

## 2. Failure to Protect Defendant's Appellate Rights

Defendant also asserts defense counsel failed to protect his appellate rights. (Doc. 45, p. 4).

In situations where the defendant expressly requests that his counsel file an appeal and counsel fails to do so, thereby depriving the defendant of his right to appeal, courts have not required a showing of prejudice or of likely success on appeal. See Hollis v. United States, 687 F.2d 257, 259 (8th Cir.1982)(citations omitted). Such a failure is considered to be prejudicial *per se* and the defendant is not required to show that a direct appeal would have been successful or even to suggest what issues may have been presented on appeal. See Holloway v. United States, 960 F.2d 1348, 1357 (8th Cir.1922). Thus, if in fact Defendant instructed his counsel to file an appeal, this Court would be compelled to find ineffective assistance of counsel. However, the facts and circumstances revealed in the record demonstrate to this Court that Defendant did not timely instruct his counsel to file an appeal.

As noted above, Defendant was sentenced on September 10, 2018, and was advised of his appeal rights. (Doc. 31). On October 15, 2018, Defendant's *pro se* notice of appeal dated October 12, 2018, was filed. (Doc. 34). By order dated October 16, 2018, the Court construed the notice of appeal to include a motion for an extension of time to file an appeal and directed the Government to respond. (Doc. 35).

On October 23, 2018, the Government filed a response arguing Defendant's appeal deadline was September 25, 2018, and that there was nothing in the record to show or suggest good cause or excusable neglect to extend the time for filing. (Doc. 36). By Order dated October 24, 2018, the Court denied the motion and found Defendant provided no explanation as to why the appeal was filed almost a full month after the deadline. (Doc. 37). The Court further stated that the absence of any justification for the late filing was "especially troubling given that the Defendant confirmed on the record at the end of his sentencing hearing that he understood that any notice of appeal in his case must be filed within fourteen days." Id. at 2.

On October 31, 2018, the Eighth Circuit appointed Defendant's appointed counsel to represent Defendant on appeal and to show cause within fourteen days why the appeal should not be dismissed as untimely. (Doc. 40). On November 13, 2018, Defendant's counsel filed a response stating:

1. The Judgment for this case was entered on September 11, 2018, with a filing due date for the Appellant's Notice of Appeal in this matter due September 25, 2018. That Mr. Rodriguez was aware of the appeal date and advised his attorney initially that he did not wish to appeal.

2. That Mr. Rodriguez was moved from the Washington County Detention Center on September 27, 2018 and taken to the Oklahoma City Transport Facility, and then transported to his final destination in the Bureau of Prisons at the Adams County facility on October 4, 2018. That at this time, Mr. Rodriguez had access to other resources within the Bureau of Prisons, which he had not had at the Washington County Detention Center, or Oklahoma City Transport Center. That after reviewing his sentencing documents and speaking with others about the case at the

> Bureau of Prisons, Mr. Rodriguez believes his sentence is appealable. That prior to this, Mr. Rodriguez did not have the wherewithal to file his notice of appeal within the Washington County facility, and requests that the Court allow him to proceed…

United States v. Rodriguez, No: 18-3278 (8 Cir. Nov. 13, 2018)(Appellant's Response As To Why This Appeal Should Not Be Dismissed As Untimely). On November 30, 2018, the Eighth Circuit denied Defendant's appeal as untimely. (Doc. 41).

Based on the foregoing, this Court finds the record reveals Defendant was aware of the appeal date, that he initially told his counsel he did not want to appeal, and that it was not until October 4, 2018, after the time to appeal had passed, that Defendant decided to appeal. Accordingly, Defendant's claim that his counsel failed to protect his appellate rights is without merit.

### 3. Failure to Explain the Availability of a Halfway House or the Availability of a Drug Program

Defendant asserts ineffective assistance of counsel regarding "the availability of a halfway house, the availability of a drug program." This claim is without merit as it is completely conclusory and vague. Further, the undersigned would note that defense counsel diligently argued for and obtained a downward variance at sentencing.

### 4. Failure to Object to the Fine Imposed

Defendant's claim that counsel was ineffective in failing to object to the $2300.00 fine is not cognizable under § 2255, as § 2255 affords relief only to prisoners claiming the right to be released from custody. See United States v. Chacon-Vega, 2008 WL 313612, *1 (8th Cir. 2008), citing United States v. Bernard, 351 F. 3d 360, 361 (8th Cir. 2003)( holding that an inmate could not challenge the restitution period of his sentence under § 2255).

**B. Ground Two: No consideration was given for a downward departure under U.S.S.G. § 5K3.1 "Fast Track" departure**

Defendant argues no consideration was given for a downward departure under U.S.S.G. § 5K3.1 by application of the Fast Track program. Defendant's argument fails as the Fast Track program applies only to defendants who have pleaded guilty to a felony illegal re-entry charge. United States v. Alvarez-Quiroz, No. 06-310(3), 2012 WL 2003501, at *2 (D. Minn. June 5, 2012. As noted above, Defendant pleaded guilty to possession with intent to distribute methamphetamine and possession of a firearm in furtherance of a drug trafficking crime. "A sentence reduction pursuant to fast track programs is not available for convictions in drug cases." Id. Accordingly, Defendant's claim is without merit.

### III.  CONCLUSION

Based upon the foregoing, the undersigned hereby recommends that Defendant's motion to vacate filed pursuant to 28 U.S.C. § 2255 be DENIED and his petition be DISMISSED.

An appeal may not be taken in this matter unless the Court issues a certificate of appealability, which shall be issued only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §§ 2253(b) & (c)(2). A "substantial showing" is a showing that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). Based upon the above analysis of Defendant's § 2255 motion, the undersigned does not believe that there is any basis for the issuance of a certificate of appealability and, therefore, recommends that a certificate of appealability be denied.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

9

**objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 17th day of June 2020.

/s/ *Erin L. Wiedemann*

HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE